UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN EUGENE NORRIS,<br><br>Defendant. | Case No. 1:21-cr-00159-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Shawn Eugene Norris' motion to modify term of imprisonment (Dkt. 39). The motion makes two requests: first, that the Court reduce Mr. Norris' sentence pursuant to Amendment 821 and, second, that the Court order the Bureau of Prisons to credit him with the time he served in federal custody. For the reasons described below, the Court will deny the second request and refer the motion to the review committee as outlined in General Order 435.

## BACKGROUND

In March 2022, Mr. Norris pled guilty to possession with intent to distribute methamphetamine under 18 U.S.C. § 841(a)(1) and (b)(1)(B). A presentence report was prepared that determined the offense level was 21 and Mr. Norris had a

MEMORANDUM DECISION AND ORDER - 1

criminal history category of VI based on 16 criminal history points. He was sentenced to 72 months imprisonment followed by five years supervision. The Court recommended to the Bureau of Prisons that the defendant be credited with the time he served in federal custody. He now moves to reduce his sentence, which the government oppose.

## ANALYSIS

### A.   Application of Amendments to the Guidelines

Mr. Norris asks the Court to reduce his sentence pursuant to an amendment adopted by the United States Sentencing Commission. Although his motion indicates that the relevant amendment is Amendment 5C1.1, Mr. Norris is likely referring to Amendment 821, which decreases the offense level for certain offenders. Amendment 821 took effect on November 1, 2023, and applies retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023).

Mr. Norris' motion was filed before the Amendment became effective and before the District of Idaho adopted General Order 435.[1] This General Order

---

[1] General Order 435 was adopted on December 6, 2023 and is accessible here: https://www.id.uscourts.gov/Content_Fetcher/index.cfml/Sentencing_Commission_Guideline_Amendments_4273.pdf?Content_ID=4273.

**MEMORANDUM DECISION AND ORDER - 2**

outlines the procedure in this District for evaluating whether a defendant qualifies for a reduction in offense level. Because the defendant has "file[d] a *pro se* motion for a reduction," he falls within the scope of this order. G.O. 435, at ¶ 2c. Consistent with General Order 435, the Court refers Mr. Norris' motion for a reduction to the committee created to review requests for relief under Amendment 821.

### B.     Credit for Time Served.

Mr. Norris also requests the Court to order the Bureau of Prisons to credit him with the 364 days he served in custody before sentencing. Dkt. 39-1. At sentencing, the Court recommended that Mr. Norris be credited for this time. This recommendation is all this Court can do because "[c]redit for time served . . . is a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b)." *United States v. Drake*, 49 F.3d 1438, 1440 (9th Cir. 1995).

The Court cannot address Mr. Norris' concern that the BOP is not following the recommendation because he has filed the petition in the wrong court. Mr. Norris claims he is entitled to credit for time served, which goes to the execution of his sentence rather than the sentence itself. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). Accordingly, he must petition for a writ of habeas corpus under 28 U.S.C. § 2241. Any motion under § 2241 must be filed in a court with

jurisdiction over the custodian or warden of Mr. Norris' facility. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973); *see also Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980). Although Mr. Norris was sentenced in the District of Idaho, he must file his action in the Northern District of Texas, which has jurisdiction over the custodian of FMC Fort Worth.

For these reasons, the Court will deny Mr. Norris' request. Nothing in this order precludes Mr. Norris from filing a motion under 28 U.S.C. § 2241 in the proper court. However, he should bear in mind, that the District Court in this, and any other District, generally lacks the authority to require the Bureau of Prisons to give an inmate credit for time served.

## ORDER

**IT IS ORDERED that:**

1. The defendant's Motion for a Reduction in Sentence (Dkt. 39) is **REFERRED** to the review committee as outline in General Order 435. The Clerk is directed to take the necessary steps to refer this motion.

2. The defendant's request that the Court order BOP to credit him with the time served in federal custody (Dkt. 39) is **DENIED**.

**MEMORANDUM DECISION AND ORDER - 4**

DATED: October 18, 2024

_____
B. Lynn Winmill
U.S. District Court Judge